# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAT COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-0603-CVE-PJC |
| ) | |
| OSU-TULSA and FOLLETT COLLEGE ) | |
| BOOK COMPANY, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Defendant Follett Higher Education Group, Inc. ("Follett") has filed a motion to dismiss plaintiff's complaint (Dkt. # 14). Plaintiff has filed a response (Dkt. # 16) and Follett has replied (Dkt. # 17).

## I.

Plaintiff filed a complaint alleging that defendants OSU-Tulsa and Follett College Book Company (the true and correct name of which is as stated in the previous paragraph) discriminated against plaintiff on the basis of her age under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA").[1] Before filing her lawsuit, plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), as required by the ADEA. 29 U.S.C. § 626(d). The EEOC opened a separate claim for each defendant in this case and on July 11, 2005, the EEOC terminated its investigation of Follett without finding a violation of the ADEA. The EEOC discontinued its investigation of OSU-Tulsa on July 26, 2005 and sent plaintiff a letter notifying her

---

[1] Defendant OSU-Tulsa was dismissed with prejudice pursuant to this Court's order on June 6, 2006 (Dkt. # 26).

that she could file a civil claim against OSU-Tulsa within 90 days. In each case, she received a right to sue letter, notifying her that she had 90 days to file a lawsuit if she wished to pursue her ADEA claim. Plaintiff waited until October 21, 2005 to file a complaint.

Follett asserts that plaintiff's claim is untimely, because it was filed more than 90 days after she received her right to sue letter concerning her ADEA claim against Follett. Plaintiff argues that the EEOC's letter of July 26, 2005, restarted the 90 day period to file her complaint.

## II.

Follett filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. However, Tenth Circuit precedent clearly establishes that Follett's motion should not be treated as a motion to dismiss for lack of subject matter jurisdiction, but instead, as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The 90 day period for filing a civil suit after denial of an EEOC claim is a statute of limitations, not a jurisdictional requirement. Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1267 (10th Cir. 1996); Dartt v. Shell Oil Co., 539 F.2d 1256 (10th Cir. 1976). Since no party raised the issue as to the form of the motion and both parties have briefed the issue concerning the 90 day time period, the Court will treat Follett's motion as a motion to dismiss under Rule 12(b)(6).

When reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Services, Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

### III.

Under the ADEA, a claimant has 180 days to file an EEOC charge after the alleged unlawful practice takes place. The EEOC must review the charge and determine whether it will take any action on the claim. If the EEOC has not notified the parties of its decision within 60 days, the claim is deemed denied. 29 U.S.C. § 626. In this case, the EEOC notified the parties that it had discontinued its review of plaintiff's EEOC charge against Follett on July 11, 2005. Plaintiff had 90 days from the date she received the letter from the EEOC to file her lawsuit against Follett. Jackson v. Continental Cargo-Denver, 183 F.3d 1186, 1189 (10th Cir. 1999); Williams v. Southern Union Gas Co., 529 F.2d 483, 487 (10th Cir. 1976). If the complaint was filed more than 90 days after plaintiff received notice of her right to sue, it will be considered untimely. Noe v. Ward, 754 F.2d 890 (10th Cir. 1985).

Plaintiff has not asserted any claim that the statute of limitations was equitably tolled due to exceptional circumstances. Plaintiff claims that she received a second right to sue notice on July 26, 2005 and that her lawsuit was timely because it was filed within 90 days of the second letter. The second letter was plainly addressed to plaintiff and OSU-Tulsa, and it included a different EEOC claim number from the letter sent to Follett. The second letter was not a notice of reconsideration, nor was it simply a copy of the right to sue letter mailed on July 11, 2005. It was a right to sue letter on a separate claim from plaintiff's EEOC charge against Follett. The second letter would toll the statute of limitations only if the EEOC gave notice it was reconsidering plaintiff's charge on the merits. Santini v. Cleveland Clinic Florida, 232 F.3d 823, 825 (11th Cir. 2000); Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 246 (5th Cir. 1980). The Tenth Circuit does not allow the 90 day period to be tolled unless the plaintiff can show that the delay in

filing her lawsuit was the result of "active deception." Johnson v. U.S. Postal Service, 861 F.2d 1475, 1480-81 (10th Cir. 1988) (applying Title VII time period for filing civil suit).

The 90 day time period for filing a civil suit against Follett commenced when plaintiff received the July 11, 2005 letter from the EEOC. Plaintiff could not have been misled when her 90 day statute of limitations began to run against Follett, because the letters referenced separate claim numbers and were addressed to different respondents. The 90 day period could only be tolled in this case if the second letter rose to the level of "active deception" on the part of the EEOC. Jones v. Next Day Motor Freight, Inc., 64 Fed. Appx. 737 (10th Cir. May 30, 2003) (EEOC's act of sending second letter reminding plaintiff he had 90 days to file a civil suit did not constitute active deception because contents of letter were clear).[2] The July 11, 2005 letter expressly states that plaintiff's 90 day period against Follett began when plaintiff received that letter. Plaintiff's complaint was not filed until October 21, 2005. Plaintiff's complaint was filed one hundred and two days after the letter was sent and the complaint is untimely.

**IT IS THEREFORE ORDERED** that Defendant Follett Higher Education Group, Inc.'s Motion to Dismiss Plaintff's Complaint (Dkt. # 14) is **granted**, and this case is **terminated.**

**DATED** this 8th day of June, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]   The Court is aware that citation of an unpublished decision is disfavored. 10th Cir. R. 36.3. However, this unpublished decision has persuasive value on a material issue not addressed in a published opinion and it assists the Court in its disposition of this issue.